IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHELLE HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cv-00767-SRB |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Michelle Harris's ("Plaintiff") Motion to Show Cause Opposing Proposed Sanctions. (Doc. #13.) For the reasons set forth below, the motion is DENIED and this case is DISMISSED WITHOUT PREJUDICE.

On September 25, 2020, Plaintiff filed this case against Defendant National Credit Adjusters, LLC ("Defendant"). This case was included in the Court's Mediation and Assessment Program ("MAP"). (Doc. #2.) Pursuant to the MAP, mediation was scheduled for March 31, 2021. Plaintiff did not appear or otherwise participate in the mediation. On April 1, 2021, the Court entered an Order directing Plaintiff to "show good cause why sanctions, including dismissal and attorney fees, should not be imposed[.]" (Doc. #12.)

On April 29, 2021, Plaintiff's counsel timely filed the pending motion opposing sanctions. Plaintiff's counsel states that although Plaintiff "has not responded to her lawyers' attempts to contact her regarding the scheduled mediation (or for any other purpose), she has been under what appears to be extreme duress arising from her landlord's continuing attempts to evict her from her home." (Doc. #13, p. 1.) The motion further states that Plaintiff's attorneys have made numerous—but unsuccessful—attempts to contact Plaintiff. Under these circumstances, Plaintiff's counsel requests that sanctions not be imposed against Plaintiff or her

attorneys. As explained below, the Court disagrees and finds this case should be dismissed without prejudice.

The Notice of Inclusion in the MAP states in relevant part that "[t]he failure to attend mediation or other ADR option session, or the refusal to cooperate or timely cooperate in MAP, may result in the imposition of sanctions by the assigned Judge." (Doc. #2, p. 2.) Paragraph X of the MAP General Order states that:

> If a party or counsel fails to make a good faith effort to participate in the Program in accordance with the provisions and spirit of this Order, the assigned Judge or Court may impose appropriate sanctions.

(Doc. #2-1, p. 12.)

In this case, the Court finds that a sanction is warranted against Plaintiff.[1] Plaintiff failed to attend the scheduled mediation and also failed to respond to her attorneys' numerous attempts to contact her regarding mediation. Although Plaintiff may be facing personal difficulties, such difficulties do not excuse her from complying with the Court's orders or from prosecuting her case.

The next issue is the appropriate sanction. A dismissal with prejudice would be too harsh. The record does not show that Plaintiff is intentionally abusing the judicial process or engaging in similar misconduct. Plaintiff's non-compliance is also mitigated, in part, based on her alleged eviction issues. For similar reasons, a monetary sanction and/or an award of attorneys' fees to Defendant would not be appropriate. The Court finds the most appropriate sanction to be a dismissal without prejudice, which adequately sanctions Plaintiff's non-compliance without being overly punitive.

---

[1] The Court does not find that sanctions are warranted against Plaintiff's attorneys. The record shows that the attorneys have attempted to comply with the Court's orders and have repeatedly attempted to contact Plaintiff.

Consequently, it is hereby ORDERED that Plaintiff's Motion to Show Cause Opposing Proposed Sanctions (Doc. #13) is DENIED.  This case is hereby DISMISSED WITHOUT PREJUDICE.  Plaintiff's counsel shall mail a copy of this Order to Plaintiff's last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2021